240 F.3d 795 (9th Cir. 2001)
 THEIS RESEARCH, INC., (TRI), an Illinois corporation, Plaintiff-Appellant,
v.
BROWN & BAIN, a California and Arizona law firm, and such present and former Brown & Bain partners, associates, and other personnel responsible for the management and trial of all litigation involving Peter F. Theis and Theis Research, Inc., Defendant-Appellee.
 No. 00-15219
 UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
 Submitted January 10, 2001[1]
Filed January 24, 2001
 
 COUNSEL: Paul R. Johnson, Filice Brown Eassa & McLeod LLP, Oakland, California, for the appellant.
 Paul A. Renne, Cooley Godward LLP, San Francisco, California, for the appellee.
 Appeal from the United States District Court for the Northern District of California Ronald M. Whyte, District Judge, Presiding. D.C. No. CV-99-20645-RMW
 Before: Stephen S. Trott, Sidney R. Thomas and Marsha S. Berzon, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Theis Research, Inc. ("TRI"), appeals the district court's (1) grant of defendant Brown & Bain's motion to dismiss for failure to state a claim and (2) dismissal without prejudice, on venue grounds, of TRI's motion to vacate an arbitration award.
 
 
 2
 The district court's dismissal without prejudice of TRI's motion to vacate was properly based on Sunshine Beauty Supplies, Inc. v. United States District Court, 872 F.2d 310, 312 (9th Cir. 1989), which held that venue dictated by 9 U.S.C. S 10 was mandatory. Applying Sunshine Beauty Supplies to this case would have required the motion to vacate to be heard in the District of Columbia, where the arbitration occurred.
 
 
 3
 However, while this appeal was pending, the Supreme Court held that the venue provisions of 9 U.S.C.S 10 are permissive, not mandatory. Cortez Byrd Chips, Inc. v. Bill Har-bert Constr. Co., 120 S. Ct. 1331, 1334 (2000). Thus, venue in the Northern District of California may have been proper. Accordingly, we must vacate the district court's order and remand for reconsideration in light of Cortez Byrd Chips.
 
 
 4
 We vacate as premature the district court's order granting Brown & Bain's motion to dismiss. The validity of the arbitration award must be determined prior to assessing whether the award precludes TRI's current claims. Further, TRI's assertions that the arbitration award was invalid because it was based on an illegal contract are properly resolved in the context of TRI's motion to vacate the award. We express no opinion on the merits of these issues.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 Notes:
 
 
 [1]
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).